**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**


**CHARLES TALBERT**                                                    **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:12CV-57-H**

**PENSKE TRUCK LEASING, et al.**                              **DEFENDANT**

**MEMORANDUM OPINION**

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court

advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro

se litigants must provide written notice of a change of address to the Clerk and to the opposing

party or the opposing party's counsel.  Failure to notify the Clerk of an address change may

result in the dismissal of the litigant's case or other appropriate sanctions.").

The Court entered an Order on March 8, 2013, directing Plaintiff to show cause for his

failure to comply or, in the alternative, to comply providing the Court a status of the case as there

has been no activity in the case since February 2, 2012.  On March 20, 2013, the U.S. Postal

Service returned the Order to the Court.  The envelope was marked "Return to Sender, Not

Deliverable as Addressed, Unable to Forward."

Apparently,  because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him.  In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date: April 10, 2013

cc:  Plaintiff, *pro se*

2